Johnson, J.
The record does not disclose any error occurring on the trial. The motion for a new trial was overruled, but no exception was taken by bill or otherwise. From this we are bound to assume that no error intervened to the prejudice of the defendant.
Nor is it apparent how he could have been prejudiced by the refusal of the court to require the plaintiff to separately state and number, her several causes of action.
For the purposes of this case, we may assume that the petition states more than one cause of action. On this assump-tion, these causes should have been separately stated and numbered, and the court of common pleas erred in not sustaining the motion.
Will error lie to reverse the final judgment upon the merits for this assumed error?
We think not. It is true the code requires causes of action, which may be united in one petition, to be separately stated and numbered; but unless it appears that the adverse party has been deprived of some substantial right, by the action of the court, it must be regarded as formal merely, and not prejudicial.
*45 The Code, section 138 (R. S. 5115), requires that “the court, in every stage of an action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect.”
Here, there was a full trial upon the merits. So far as the record discloses, the plaintiff in error liad the benefit of every legal right to which he would have been entitled had his motion been granted. Had he been deprived of any such right, it should have been made to appear by exceptions made part of the record. If several causes of action, which cannot be joined, are stated in the petition, the vice can be reached'by demurrer; but where they may be joined, but are not separately stated and numbered, the defect is a formal one, to be reached by motion, and for which a demurrer will not lie.
That cases may arise in practice where a failure to separately state and number the causes of action may work prejudice, is possible. In such a case, when error does intervene which deprives a party of a substantial right, and that fact is disclosed by the record, error would lie to reverse the judgment.
It does not appear in this case that the plaintiff was deprived of any substantial right by the refusal of the court of common pleas to grant the motion. If it was an error to overrule this motion (and upon that we express no opinion), it is one that must be disregarded by the requirements of section 138 of the Code of Practice.
In the New York Code, there is the same provision as in ours (§ 140), requiring the causes to bo separately stated and numbered. In Goldburge v. Utley, 60 N. Y. 427, it was held that this section related simply to a question of practice, over which the court has. control; that the right is merely formal, and not substantial; and that an order denying this right is not reviewable oir error.
This is going farther than the case at bar requires us to go. Ye simply hold that a final judgment will not be reversed for such an error, unless it appears of record that the refusal to grant the motion affected the substantial rights of the adverse party in a manner prejudicial to him on the merits. "We *46 have not undertaken to determine what unlawful sales of intoxicating liquors constitute one, and what several causes of action, which should be separately stated and numbered.
In deciding this case, we have taken the construction of the petition insisted on by plaintiff in error, that there are two causes of action, one for injury to means of support, and one to the person, which should have been separately stated and numbered.

Judgment affirmed.